**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert MEGGINSON, Defendant–Appellant.**

**No. 07–4149.**

United States Court of Appeals, Fourth Circuit.

Submitted: Aug. 8, 2007.

Decided: Aug. 23, 2007.

---

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Megginson pled guilty to one count of felon in possession of a firearm, in violation of U.S.C. § 922(g). Megginson expressly preserved the right to appeal the denial of his motion to suppress in his written plea agreement. After denying his suppression motion, the district court sentenced Megginson to 110–months in prison. Megginson now appeals his conviction, arguing that the firearm should have been suppressed because the search of his car violated the Fourth Amendment. Finding no error, we affirm.

Megginson argues the district court erred by denying his motion to suppress and admitting evidence he contends was obtained in violation of the Fourth Amendment. Specifically, he argues Officer Crooks did not have a valid reason to search his car, as they had no reason to believe that there was evidence of the crime charged (domestic violence) within the car. Megginson contends the search was "purely exploratory."

This court reviews the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. *United States v. Johnson*, 400 F.3d 187, 193 (4th Cir.), *cert. denied*, 546 U.S. 856, 126 S.Ct. 134, 163 L.Ed.2d 133 (2005). The evidence is construed in the light most favorable to the prevailing party below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir.1998).

Contrary to Megginson's assertion, when an officer has made a lawful custodial arrest of an occupant of an automobile, he may search the passenger compartment of that vehicle. *See New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *Thornton v. United States*, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004). While Megginson relies on Justice Scalia's concurrence in *Thornton*, this court continues to apply the "clear rule" announced in *Belton* and its progeny. We conclude Megginson's arrest was lawful, and the search of the vehicle that uncovered the loaded weapon was incident to that lawful arrest.

Accordingly, we affirm Megginson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*